## A. LOGAN v. THE STATE.

1. VENUE.—Proof of the venue of the offense must be shown by the record. This court cannot presume that such proof was made, but inadvertently omitted from the statement of facts.

2. SAME—STATEMENT OF FACTS.—Judges and prosecuting officers cannot be too careful in seeing that the proof of venue, if made at the trial, is shown by the statement of facts.

3. THEFT—CHARGE OF THE COURT.—In a trial for theft it was error to so charge the jury as to permit the conviction of the accused without proof of guilty knowledge or intent.

APPEAL from the District Court of Hood. Tried below before the Hon. J. R. FLEMING.

The material facts are disclosed in the opinion of the court.

*Hood & McCall*, for the appellant. It will be noticed that there is not in the evidence of the state one particle of proof going to show that appellant ever exercised any acts, or reputed acts, of ownership over the hide even, save what

state's witness T. M. Hill, senior, said, which amounted only to the mere fact that defendant told the witness he had bought that hide with the lot, and, to the witness, in that way claimed the hide in question.    This is all, unless the vague and equivocal statements relative to defendant's coming down from Buck creek, at the time the wagon was by some one brought down, be tortured into a circumstance against him.    Now, if we were to admit as facts clearly shown on the trial that the appellant did in person bring the hide down from Buck creek, and claimed it as his own, without adding, as he did do, that he had bought it, still the conviction in the case would be absolutely illegal, for want of evidence to support it.    Actual, clear, undoubted possession of a living cow, recently stolen, of itself alone will not support a conviction.    How, then, is it possible for a man to be lawfully convicted of stealing a cow, simply because he had in possession the mere hide?    To sustain such a conviction we would in this case have first to presume, from the mere possession of the hide, that the cow of which it once formed a part had recently been stolen; then, secondly, we would have to presume, from the first presumed fact, that the appellant committed the theft of the cow.    Thus, in order to arrive at the conclusion of guilt, indulging in a double presumption, each time against innocence; whereas the law is so careful of the rights of the citizen that it wholly reverses this order of presuming.    The law presumes innocence, and not guilt. See *Billard* v. *The State*, 30 Texas, 372, 373.    Then we submit, if we take everything proven, even slightly proven, by the state as absolutely true, that still the evidence of the state will not support the conviction, and that therefore the 1st assignment of errors is well taken.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.    The appellant, Aleck Logan, together with

William Logan, was indicted in the district court of Hood county, charged with the theft of a cow, the property of Joseph Walton. The jury found him guilty, and assessed his punishment at two years' imprisonment in the penitentiary.

Appellant's motion for a new trial was overruled, notice of appeal given, and the case is presented for revision.

The 1st error assigned is that the verdict of the jury and the judgment thereon are contrary to the evidence. There is no proof of venue in the record. A failure to show that the offense was committed in the county of Hood, as charged, is fatal to the judgment.

Joe Walton was placed on the stand by the prosecution, and stated that "sometime in March, 1875, he saw a bunch of hides in the town of Granberry, and among the number a hide branded B D; that he recognized the hide by its flesh-marks as a hide taken from his cow; that he had seen said cow some two or three weeks before he saw the hide, and that such a cow was worth ten dollars; that he had not given the defendant, nor any one else, leave to take or use said cow, nor had he sold the cow to defendant or any one else; that the cow was a speckled cow, and said hides were brought to Granberry by Charles Arrington."

Arrington proved that he and Drew Middleton found the hides at T. M. Hill's. The testimony further shows that these hides were brought down in a wagon to T. M. Hill's, from a ranch on Buck creek, and were claimed by appellant, who told T. M. Hill, his step-father, that he had bought them. W. R. Hill, a son of T. M. Hill, testified that he witnessed a sale of the hides, by one Trott, to appellant.

There is no evidence in the record to show that Buck creek is in or near Hood county. Neither Walton nor any of the other witnesses testified that the witness Walton lived in Hood county, or that the range of the cow described in the indictment was in Hood county.

We cannot presume that the proof of venue was made as

alleged, and that, through carelessness or inadvertence, it was omitted in making out the statement of facts. County attorneys and district judges cannot be too careful in seeing that the proof of venue, if made, shall go into the statement of facts.

The 2d assignment of errors is "that the court erred in the charge given to the jury in the 1st, 2d, and 3d subdivisions of its charge."

We will only notice that portion of the charge of the court which is embraced in the 3d instruction, which is as follows : "If the jury believe from the evidence that the defendant, in good faith, purchased and paid for the cow alleged to have been taken, or in good faith purchased and paid for the hide removed from said animal, then you should find the defendant not guilty, unless you also believe from the evidence that the defendant had, previous to the time of such purchase, killed or taken, or had been concerned in killing, the said cow."

By the proviso which was added to this charge the jury were in effect given to understand that "good faith" would not avail if the defendant "had been concerned in killing said cow." This instruction was not applicable to the facts in evidence. It does not appear from the evidence that appellant knew the brand of Walton, or that Walton's brand was recorded ; and appellant might innocently have assisted some one else in killing Walton's cow, with no intention of depriving Walton of the value of his cow.

The 3d assignment of errors is that "the court erred in overruling defendant's motion for a new trial herein." The motion for a new trial was predicated on three distinct grounds, viz. : 1st, lack of evidence ; 2d, errors in the charge of the court ; and, 3d, on account of newly-discovered evidence. The first two we have already discussed. It is unnecessary to express an opinion as to the third ; on

another trial the appellant will have an opportunity to pro-cure this newly-discovered evidence.

The judgment of the district court is reversed and the cause remanded.

*Reversed and remanded.*